IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:25-cr-00040-SMR-SBJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | TRIAL SETTING ORDER |
| ) | |
| JACOB DANIEL TIMMSEN, ) | |
| JACOB DANILE SHELEY, and ) | |
| CODY SCOTT SHEESE, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Jacob Daniel Timmsen's "Unresisted Motion to Continue Trial" [ECF No. 67]. Defendant Timmsen requests a 60-day continuance of the December 8, 2025, trial and related deadlines. Defendants Sheley and Sheese joins this motion. The Government does not resist a continuance. For the reasons stated in Defendants' motion, it is granted. This is Defendants' second motion to continue trial.

Jury trial, now set for December 8, 2025, is continued and will be held during the two-week Davenport criminal trial period commencing on **Monday, February 9, 2026, at 9:00 a.m. at the United States Courthouse in Davenport, Iowa.** A failure to grant a continuance will deny reasonable time necessary for adequate preparation for trial even with the exercise of due diligence by the parties, 18 U.S.C. § 3161(h)(7)(B)(iv). Defendants are incarcerated. The Court finds the ends of justice served by such a continuance outweigh the best interests of the public and the Defendant to a speedy trial. The time of the delay shall constitute excludable time under the Speedy Trial Act.

Consistent with the new trial date, deadlines are extended as set forth below:

Pretrial motions shall be filed on or before **January 5, 2026;**

Plea notification deadline is extended to **January 20, 2026;** and

At the sentencing proceeding, in order for a Defendant to be eligible for consideration by the Court for a reduction in the offense level, Acceptance of Responsibility pursuant to USSG §3E1.1(b), a guilty plea must be entered by **Monday, January 26, 2026.** The Court will also decline to accept a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), unless a plea pursuant to such arrangement is entered by **January 26, 2026.**

A final pretrial conference will be held on **the Wednesday before trial, by telephone conference call. At the time of the telephone conference, counsel should call the Court's conference line (833-990-9400) and at the prompt enter ID 907-872-441, then enter Code 6346 to be connected to the conference call.**

In preparation for trial, the Court also states the following:

1. Motions challenging the admission of any audio and/or videotapes shall be filed ten (10) calendar days prior to trial. Upon filing the motion, the custodian of the recording shall immediately deliver a copy of the recording to the Court for review.

2. Trial briefs shall be filed one week prior to trial. Trial briefs shall contain a brief recitation of the facts of the case and identify legal issues that are in dispute.

3. Motions in limine are due by no later than fourteen (14) calendar days prior to trial. Responses or resistances to a party's motion in limine shall be filed at least seven (7) calendar days before trial.

4. Each party shall e-mail to the undersigned judge (Stephanie_Rose@iasd.uscourts.gov) and her courtroom deputy (Penny_Luthens@iasd.uscourts.gov) a witness list in Word by the **close of business on the Thursday before trial.** The witness list shall also be filed, and may be filed under seal without further order of the Court. In the event a party does not intend to produce witnesses at trial, such party shall notify the Court that it does not intend to present witnesses in lieu of submitting the

witness list.  By no later than 8:00 a.m. on the day trial begins, each party shall review his or her prospective witness list and shall delete from that list any witness that party does not in good faith expect to call during its case-in-chief.  Each party shall circulate to the undersigned judge and opposing counsel a copy of this amended and final witness list.  The amended and final witness list shall also provide the order in which the party expects to call its witnesses.[1]

5. Each party shall e-mail to the undersigned judge (Stephanie_Rose@iasd.uscourts.gov) and her courtroom deputy (Penny_Luthens@iasd.uscourts.gov) an exhibit list in Word by the **close of business on the Thursday before trial.**  The exhibit list shall also be filed, and may be filed under seal without further order of the Court.  A copy of all exhibits, including any recordings copied onto CD or DVD, shall be provided to the Court in a tabbed, three-ring binder by **noon on the Friday before trial.**  Counsel may deliver the binder to Judge Rose's chambers in Des Moines or to the Clerk's Office in Davenport, Iowa.  <u>If any recording(s) will be offered into evidence, the offering party shall prepare and provide to the Court and opposing counsel a transcript of such recording(s).</u>  Photographs or photocopies of all contraband exhibits shall be provided to the Court the first morning of trial.  They will be substituted for the contraband exhibits and sent with the jury during deliberations.

6. Requests for non-standardized proposed jury instructions must be filed one week prior to trial.  Counsel may submit requests for Model Jury Instructions by simple reference to the Model Instruction number without a need to retype the instruction.

---

[1] A party may adjust the order of witnesses as reasonably necessary during the course of trial as events warrant.

7. The parties are not required to submit proposed voir dire questions to the Court prior to trial.  The Court will permit each party fifteen (15) minutes for voir dire examination of the prospective jurors.  Counsel for the government will exercise its peremptory challenges one at a time.  Counsel for the Defendant will exercise two peremptory challenges at a time.  If counsel does not wish to exercise all of their allotted peremptory challenges, the clerk shall exercise them by removing the last non-alternate jurors from the list.

8. Counsel for the Defendant and the Government will each have up to fifteen (15) minutes for opening statements.

9. Counsel for the Defendant and the Government will each have up to thirty (30) minutes for closing arguments, inclusive of rebuttal as to the Government.

10. If digital or other specially recorded images are admitted into evidence during the course of the trial, a copy shall be provided to the Court in a format that can be replayed on a standard VCR or DVD player by the jury during their deliberations.

11. Any subpoenas and/or writs must be provided to the United States Marshals Service pursuant to Local Rule 17.

12. It is defense counsel's responsibility to ensure that any detained client has suitable street clothes to wear at the time of trial.  These clothes shall be delivered to the U.S. Marshal's Office in Davenport at least one (1) business day prior to trial.  If family members are providing the clothing, they too must do so one (1) business day prior to trial, again delivering them to the U.S. Marshal's Office in Davenport.

IT IS SO ORDERED.

Dated this 5th day of November, 2025.

*[signature]*
STEPHANIE M. ROSE, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA